Gkaham, Judge,
delivered the opinion of the court:
The facts are fully stated in the findings. It is not necessary to go into the details further than to state that prior to November 22,1921, the Secretary of War advertised for sale through a catalogue certain surplus property in the possession of the War Department. On November 22, 1921, the plaintiffs purchased, paid for and received 270,000 feet of wire rope listed for sale in said catalogue as Lot No. 40 and therein described as follows:
CLOTHINe AND EQUIPASE
Lot No. Article S. P. I). No. Quantity
40 Rope, wire, copper, clad C — 1764 275,000 ea. 7/16” Class “A”
The wire rope delivered to the plaintiff was not size as advertised but was The conditions of the sale were such that had the plaintiffs sought to recover the purchase price upon the ground of this description, they could not have recovered. See Triad Corporation v. United States, post, p. 151, this day decided, and authorities cited. However, plaintiffs stated the facts to the proper War Department official, who upon consideration of all the circumstances decided to cancel the sale and so informed the plaintiffs, stating in a written notice that if they would return the rope at their own expense the Government would reimburse them in the amount of the original purchase price. Thereupon plaintiffs promptly returned 255,835 feet of the wire rope and it was accepted by the Government. The Government has never reimbursed plaintiffs.
After receiving back the rope the Government, without notice to plaintiffs, readvertised and sold it at a price less than that paid by plaintiffs. The amount realized from this sale was tendered to plaintiffs, who refused to receive it.
The act of Congress of July 9, 1918, 40 Stat. 850, authorized the President “through the head of any executive department, to sell, upon such terms as the head of such department shall deem expedient, any war supplies, * * The act of July 11, 1919, chap. 8, 41 Stat. 104, *132 authorized the Secretary of War “ to sell any surplus supplies * * * upon such terms as may be deemed best.”
On October 31, 1922, the Assistant Secretary of War informed the plaintiffs as stated that the contract of sale had been canceled and that upon the return of the material they would be reimbursed in the amount of the original purchase price. Plaintiffs returned 94% of the material and it was received and accepted by the representative of the Government.
The question is whether plaintiffs are entitled to recover the purchase price of the material returned.
The above-cited statutes give the Secretary of War full power to dispose of this war material “ upon such terms ” as he shall “ deem expedient ” or “ may be deemed best.” This necessarily conferred upon him full and ample discretion in the matter of handling and disposing of this surplus material. He could prescribe regulations controlling the sales, name the terms and conditions, and could provide for adjustments of claims arising out of sales when he thought the circumstances warranted it, and he did actually so provide in departmental order of August 23 (Finding XIII). In this order authority was given to local boards theretofore created, under whose direction the property was placed and the sale made, to review the action of the officer making the sale and to authorize the cancellation thereof “ on account of discrepancy in identity of goods,” and if they deemed a case beyond their authority for final adjustment, to transmit it to the Assistant Secretary of War “ for final action.” The local board did cancel the sale involved herein, and its action was approved by the Assistant Secretary of War, who, in notifying the plaintiffs of his decision, stated that “upon receipt of the rope ” the plaintiffs “ would be reimbursed in the original purchase price.” The plaintiffs returned 255,835 feet of the wire rope to the defendant, the value of which at the purchase price is $5,756.29, and for this amount the plaintiffs are entitled to judgment, and it is so ordered.
Moss, Judge; Hat, Judge; Booth, Judge; and Campbell, (Jhiej Justice, concur.