Whaley, Judge,
delivered the opinion:
This case involves a sale of surplus property by the Secretary of War under the act of Congress of July 9, 1918, 40 Stat. 850, which authorized the President “ through the head of any executive department, to sell, upon such terms as the head of such department shall deem expedient, * * * any war supplies.” The act of July 11, 1919, ch. 8, 41 Stat. 104, authorized the Secretary of War “ to sell any surplus supplies * * * upon such terms as may be deemed best.” The facts are fully set out in the findings. A brief statement is sufficient to fully understand the situation. The Government in the early part of 1920 adA^ertised and offered for sale certain specific steel I beams. An inventory was furnished the bidders which set out the number of pieces to be sold, the dimensions, weight per beam, and the total weight of the articles. The plaintiff made a bid upon this inventory, which was accepted by the Government, and the plaintiff made a deposit of $25,000 as a guaranty of fulfillment of the agreement to accept the articles within the time, at the place, and in the manner specified. There was printed on the acceptance letter, among other things, “ Sales are made under this agreement in good faith and from reported verifica *403 tions of surplus stock.” After the bid had been accepted and the deposit made the plaintiff discovered, upon a visit to the supply depot, that the beams did not conform to the description in the advertised list on which the bid was made and accepted. The plaintiff immediately brought the matter to the attention of the defendant and requested the discrepancy be corrected by a change in the inventory of purchase to the physical inventory of the beams at the supply depot. The defendant declined to make the correction and assured the plaintiff delivery would be in accordance with the original list furnished it, and a copy of the advertised list was again furnished to the plaintiff. This inventory also contained positive descriptions as to dimensions and weight and number of pieces. Prior to the acceptance of plaintiff’s bid no verification of the inventory of sale had been made with the stock actually on hand at the supply depot. Deliveries according to the inventory -were found to be impossible. When orders were sent in to the depot by the plaintiff substitutions were made and payments were adjusted accordingly. The quantity and sizes as they actually existed at the depot were incorrectly stated in the advertised list and the inventory furnished the plaintiff, and the Government could not deliver the beams for which the plaintiff had bid and made its deposit. The plaintiff was entitled to delivery of the I beams particularly and specifically set out in the advertised list and acceptance bid. The plaintiff was not compelled to accept different I beams other than those described in its bid and acceptance. Ellis v. United States, 68 C. Cls. 11. The plaintiff was no longer bound to a performance of its part of the contract after the Government failed to deliver the specific beams named in the contract of sale. Jacob Levy & Bros. v. United States, 63 C. Cls. 126.
After the failure of the Government to make deliveries according to the contract, the plaintiff offered to purchase, at a reduced price, the beams the Government actually had at the depot, according to a physical inventory made at the supply depot, in lieu of the beams upon which it had bid and which the Government had agreed to deliver. This offer was refused, the contract canceled by the Govern *404 ment, and the beams subsequently were advertised for sale and sold to another purchaser. The beams, so advertised and sold, were described as they actually existed at the supply depot as to the number of pieces, sizes, and weights, and conformed in no manner or description to the inventory furnished the plaintiff under the contract of purchase. It was not a resale of the identical property purchased by the plaintiff, but an original sale of beams for which the plaintiff had never contracted to purchase. Lamport Manufacturing Supply Co. v. United States, 65 C. Cls. 579; California Bridge & Construction Company v. United States, 245 U. S. 337, affirming 50 C. Cls. 40.
The Government received at the second sale a much smaller price per ton than was bid by the plaintiff and charged the difference against the plaintiff, together with the expenses of the sale, and applied the deposit of $25,000 and other funds of plaintiff to its alleged indebtedness. The plaintiff applied to the Secretary of War for a refund of the deposit and the whole record was submitted to the Judge Advocate General, who rendered an opinion that the Government had not complied with the terms of the contract of sale and recommended the return of the deposit. The Secretary of War concurred in the opinion of the Judge Advocate General and the Quartermaster General was instructed to make the refund. Subsequently the Attorney General, at the instance of the War Transaction Section of the Department of Justice, requested the Secretary of War to withhold the refund until action could be taken against the plaintiff to recover the loss sustained by the Government in the resale of the material. No action was taken by the Government until the filing of a counterclaim in this case.
The Secretary of War, after a thorough investigation of all the facts, deemed it best to cancel the contract and return the deposit to the plaintiff. Under the statute he had full power to do so. United States v. Koplin, 24 Fed. (2d) 840. Jacob Levy c& Bros v. United States, supra.
For the reasons above set forth the plaintiff is entitled to recover the sum of $25,201.11, less the admitted deduction of *405 $3,690.23 due the Government by the plaintiff, leaving a balance of $21,510.88. It is so ordered.
Williams, Judge; LittletoN, Judge; GreeN, Judge; and Booth, Chief Justice, concur.